IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHERYL HAM and STEPHEN HAM, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 14-cv-1046 ) |
| OCWEN LOAN SERVICING, LLC, | ) ) ) ) |
| Defendant, | ) |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Ocwen Loan Servicing, LLC's (Ocwen) Motion to Dismiss (d/e 7) (Motion). Plaintiff Cheryl Ham and Stephen Ham (the Hams) allege claims against Ocwen for promissory estoppel (Count I) and for violation of the Real Estate Settlement Procedures Act (RESPA), 12 USC §2601 et seq. (Count II). Complaint (d/e 1). The Hams invoke this Court's federal question jurisdiction to bring Count II and this Court's supplemental jurisdiction to bring Count I. Complaint, at 2; 28 USC §§1331, 1367. For reasons set forth below, this Court recommends that the Motion should be ALLOWED

in part. This Court should dismiss Count II for failure to state a claim and decline to exercise supplemental jurisdiction over Count I.

## STATEMENT OF FACTS

For purposes of the Motion, this Court must assume that all of the factual allegations in the Complaint are true and must draw all inferences in favor of the Hams. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

On or about April 23, 2003, the Hams borrowed $30,000 (Loan) from the Provident Bank secured by a mortgage (Mortgage) on their residence located in Peoria County, Illinois (Subject Property). Under the terms of the Mortgage, property taxes were not escrowed. Complaint ¶¶ 1-2. The Hams failed to pay real estate taxes for the years 2004, 2005, 2006, 2007, and 2008. Complaint ¶¶ 6,8.

During these years, Litton Loan Servicing, LP (Litton) serviced the Loan. Litton paid the real estate taxes for 2004, 2005, 2006 and 2007. Litton did not pay the real estate taxes for 2008. On November 9, 2009, the 2008 real estate taxes on the Subject Property were sold at the Peoria County Annual Tax Sale. Complaint ¶¶ 7-9.

In 2011, the Hams "made numerous payments toward an alleged escrow deficit which included the payment of real estate taxes on the Subject Property." Complaint ¶ 9.

Ocwen acquired Litton in June 2011. Ocwen became aware of the tax delinquencies on the Subject Property as early as December 2011. Complaint ¶¶ 5, 10.

The Hams alleged that they made numerous inquiries of Ocwen by telephone, email and facsimile regarding the sale of the 2008 real estate taxes on the Subject Property. The Hams alleged that they made an oral inquiry about this matter on May 11, 2012, and at that time, "Ocwen expressly assured Plaintiffs that it would redeem the 2008 tax sale and rectify the escrow issues." Complaint ¶ 11.

The Hams followed up the May 11, 2012, conversation with the written request sent by facsimile transmission to Ocwen (Notice). The Hams alleged that Ocwen, "failed to (1) rectify the situation as expressly promised, (2) provide notice of receipt of the written correspondence within 20 days, and (3) take any action whatsoever within 60 days." Complaint ¶ 11.

Ocwen attached a copy of the Notice to its response. Defendant's Memorandum in Support of its Motion to Dismiss (d/e 8), Exhibit C, Notice.

The Hams object to the Court considering the Notice because it is outside the pleadings. Normally, a defendant may not rely on documents outside the pleadings without converting a motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). The Court, however, may consider documents that are alleged in the Complaint and are central to the claim without converting the motion into a motion for summary judgment. 188 LLC v. Trinity Industries, Inc., 300 F.3d 730, 735 (7th Cir. 2002). The Hams alleged in the Complaint that they sent the Notice, and the Notice is central to the Hams' claim. The Court therefore will consider the Notice.

The Notice was dated May 11, 2012, and was addressed to Ocwen. The typed portion of the Notice stated, in relevant part:

> RE: Loan #7092263255
>
> To Whom It May Concern:
>
> Per my conversation this morning with your representative, attached is the requested tax bill from Peoria County for delinquent taxes from the property 2408 N Peoria Avenue, Peoria IL owned by Stephen & Cheryl Ham.
>
> I contacted the tax department regarding delinquent taxes and explained that Litton Loan Servicing sent me letters regarding taxes paid and stated we are just finishing up payment of $828.11 which were payments of $553.35 extra each month for the last year to pay off the escrow account for taxes paid by Litton Loan Servicing. Your representative stated that Ocwen would pay the delinquent taxes right away and sort out the problem with escrow and taxes we assumed were paid.

> Thank you so very much for your assistance in this matter.
>
> Sincerely,
>
> Steven & Cheryl Ham

<u>Notice</u>. A handwritten note at the bottom of the Notice stated:

> PMT MUST BE <u>CERTIFIED</u>
>     FUNDS
> 5/12 Called Ocwen
>     taxes will be pd

<u>Notice (emphasis in the original)</u>.

The Hams alleged that Ocwen did not redeem the 2008 real estate taxes. As a result, the Hams lost ownership of the Subject Property. A tax deed was issued for the Subject Property, which deed was recorded on December 14, 2012, with the Peoria County recorder of deeds as document number 2012-033255. <u>Complaint</u> ¶ 13.

Based on these allegations, the Hams alleged two claims. The Hams alleged in Count I that Ocwen breached its obligation to redeem the 2008 real estate taxes under a theory of promissory estoppel. The Hams alleged in Count II that Ocwen violated RESPA by failing to respond to the Notice as required by RESPA. Ocwen moves to dismiss these claims.

## ANALYSIS

Dismissal is proper when a complaint fails to state a claim on which relief can be granted. <u>Fed. R. Civ. P.</u> 12(b)(6). The Federal Rules require

only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

RESPA is a consumer protection statute designed to provide residential mortgage borrowers accurate information about the processing and servicing of their loans. See 12 USC § 2601. Section 2605(e) of

RESPA requires a loan servicing company (or loan servicer) to respond to a borrower's request for information about the servicing of his or her loan:

> (A) In general
>
> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A). In addition, within 30 business days of receipt of a qualified written request (QWR), a loan servicer must either correct errors in the account and transmit notification of the correction to the borrower, or investigate the inquiry and provide a written explanation to the borrower. 12 U.S.C. § 2605(e)(2)(B) &(e)(2)(C).

> Section 2605 defines QWR:
>
> (B) Qualified written request
>
> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--
>
>> **(i)** includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>>
>> **(ii)** includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

The borrower is not required to use any special language in a QWR:

> RESPA does not require any magic language before a servicer must construe a written communication from a borrower as a qualified written request and respond accordingly. The language of the provision is broad and clear. To be a qualified written request, a written correspondence must reasonably identify the borrower and account and must "include a statement of the reasons for the belief of the borrower, *to the extent applicable,* that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B) (emphasis added). Any reasonably stated written request for account information can be a qualified written request.

Catalan v. GMAC Mortgage Corp., 629 F.3d 676, 687 (7th Cir. 2011).

A borrower can bring an action against a loan servicer for actual damages arising from any failure to comply with these provisions of RESPA. 12 U.S.C. §2605(f)(1)(A).

In this case, however, the Hams' Notice did not request account information about the servicing of their loan; the Notice asked Ocwen to redeem the delinquent 2008 real estate taxes that the Hams were obligated to pay directly under the terms of the Mortgage. The Hams sent the Notice to memorialize Ocwen's oral promise to redeem those delinquent taxes.

RESPA obligates the loan servicer to respond when it receives a QWR for "information relating to the servicing of such loan." RESPA

§ 2605(e)(1)(A); see Todd v. ShoreBank, 2013 WL 3790966, at *3-*4 (N.D. Ill. July 19, 2013).  The Notice in this case did not request account information; the Notice asked Ocwen to redeem the 2008 real estate taxes.  Therefore, Notice was not a QWR for account information.  Because the Notice was not a QWR for account information, Ocwen was not obligated to respond in accordance with RESPA § 2605(e), and so, its alleged lack of response did not violate RESPA.  Count II fails to state a claim.

Because Count II fails to state a federal claim, this Court should decline to exercise supplemental jurisdiction over the promissory estoppel claim in Count I.  28 U.S.C. § 1367(c)(3).

THEREFORE this Court recommends that Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss (d/e 7) should be ALLOWED in part. Count II of the Complaint should be dismissed for failure to state a claim. Count I should be dismissed without prejudice for lack of subject matter jurisdiction.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of

objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: June 20, 2014

                                    *s/ Tom Schanzle-Haskins*
                              UNITED STATES MAGISTRATE JUDGE