UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHERYL HAM and STEPHEN HAM | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 14-1046 |
| | ) | |
| OCWEN LOAN SERVICING, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is now before the Court on the Report and Recommendation (ECF No. 13) issued by Magistrate Judge Tom Schanzle-Haskins regarding Defendant's Motion to Dismiss (ECF No. 7). For the reasons stated below, the Report and Recommendation (ECF No. 13) is ADOPTED and Defendant's Motion to Dismiss (ECF No. 7) is GRANTED. The Court dismisses Count II for failure to state a claim and declines to exercise supplemental jurisdiction over Count I.

## JURISDICTION

This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 because Count II of Plaintiffs' Complaint (ECF No. 1) alleges Defendant violated the Real Estate Settlement Procedures Act ("RESPA"). 12 U.S.C. § 2601 *et. seq*. This Court has supplemental jurisdiction over Count I (promissory estoppel) of Plaintiffs' Complaint pursuant to 28 U.S.C. § 1367(a). Venue is appropriate because a substantial part of the actions giving rise to the claims occurred within this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

1

**BACKGROUND**

This cause of action arises from Plaintiffs Cheryl and Stephen Ham's ("Plaintiffs") loss of their mortgaged property – a single family residence in Peoria, Illinois. ECF No. 1 at 1. On April 23, 2003, Plaintiffs entered into a mortgage agreement with The Provident Bank d/b/a PCFS Mortgage Resources in the principal amount of $30,000. *Id.* at 2. The Mortgage was recorded with the Peoria County Recorder of Deeds as Document Number 03-21228. *Id.* Under the original terms of the Mortgage, the property taxes were not escrowed. *Id.* Litton Loan Servicing, LLP ("Litton") was the servicer of the Mortgage. *Id.* The Mortgage was subsequently assigned to Wells Fargo Bank Minnesota, National Association, as Trustee on December 21, 2005, and recorded on January 6, 2002, with the Peoria County Recorder of Deeds as Document Number 06-00529. *Id.* Defendant Ocwen Loan Servicing, LLC ("Defendant" or "Ocwen") later acquired Litton in June 2011. *Id.* Litton had paid the property taxes for Plaintiffs' property for the 2004, 2005, 2006, and 2007 tax years. *Id.* Plaintiffs were current with the Mortgage as of March 2009. *Id.* at 3. In 2009, the 2008 property taxes went delinquent on the property and were sold at the Peoria County 2008 Annual Tax Sale on November 9, 2009. *Id.*

In 2011, Plaintiffs had a Chapter 13 Bankruptcy proceeding discharged and allegedly made payments toward an escrow deficit, which included the payment of real estate taxes on Plaintiffs' property. *Id.* Defendant had knowledge of the tax delinquencies as early as December 2011. *Id.* Plaintiffs allege they made numerous inquiries via telephone, email, and facsimile about the 2008 tax sale on the property. *Id.* On May 11, 2012, Plaintiffs allege they made an oral inquiry as to the 2008 tax sale; Defendant orally responded it would redeem the tax sale and satisfy escrow issues. *Id.* Plaintiffs allege they followed up the May 11, 2012,

conversation with a written request sent via facsimilie to Ocwen, to which Ocwen failed to (1) rectify the situation as expressly promised, (2) provide notice of receipt of the written correspondence within twenty days, and (3) take any action whatsoever within sixty days. *Id.* The last day to redeem the 2008 tax sale passed. *Id.* On December 14, 2012, an order directing the issuance of the tax deed was issued and recorded with the Peoria County Recorder of Deeds as document number 2012-033255. *Id.*

## PROCEDURAL HISTORY

On February 7, 2014, Plaintiffs filed a Complaint (ECF No. 1) against Defendant due to Defendant's alleged failure to pay real estate taxes for the tax year 2008. Plaintiffs' Complaint includes two counts. First, Plaintiffs allege a claim against Ocwen for promissory estoppel because Plaintiffs allege their home was lost to a tax sale based on Plaintiffs' justifiable reliance on Ocwen's promise to pay delinquent real estate taxes on Plaintiffs' property. *Id*. at 4. Second, Plaintiffs allege a violation of the Real Estate Settlement Procedures Act (RESPA)[1], because Plaintiffs claim they made a written request for information and received no statutorily required response from Defendant. 12 U.S.C. § 2605(e). ECF No. 1 at 5.

On April 28, 2014, Defendant filed a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 7. In the Motion to Dismiss, Defendant argues that (1) Plaintiffs' promissory estoppel count is barred by the Illinois Fraud Act, (2) Plaintiffs' promissory estoppel count fails due to general pleading deficiencies, and (3) Plaintiffs' RESPA count fails for failure to identify a proper Qualified Written Request. *Id.* at 1.

On June 20, 2014, United States Magistrate Judge Tom Schanzle-Haskins filed a Report and Recommendation (ECF No. 13) that recommended Defendant's Motion to Dismiss (ECF

---

[1] RESPA is a consumer protection statute that regulates the real estate settlement process, including the servicing and assignment of loans. 12 U.S.C. § 2601.

3

No. 7) be allowed in part. The Report recommended the Court should dismiss Count II (RESPA) for failure to state a claim and decline to exercise supplemental jurisdiction over Count I (promissory estoppel). No objection was filed to the Report and Recommendation. Under Local Rule 72.2(B), "[f]ailure to file an objection to a report and recommendation constitutes waiver of further review of the issue." Local Rule 72.2(B).

## STANDARD OF REVIEW

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim must "give enough details about the subject matter of the case to present a story that holds together" to be plausible. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). A court must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

Statements in the complaint must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). This means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the … claim is and the grounds upon which it rests'" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that

possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

When evaluating a motion to dismiss, the Court must accept as true all factual allegations in the complaint. *Ashcroft*, 556 U.S. at 678. However, the Court need not accept as true the complaint's legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (*citing Bell Atlantic Corp.*, 550 U.S. at 555). Conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 556 U.S. at 678 (*citing Bell Atlantic Corp.*, 550 U.S. at 554-55). A motion to dismiss under 12(b)(6) requires the court to analyze the legal sufficiency of the complaint and not the factual merits of the case. *Autry v. Northwest Premium Serv., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998).

## DISCUSSION

The Court addresses each count separately. The Court refers to each count by the count numbers in the Complaint. Count II is addressed first, as it is the claim that solely brought the lawsuit within federal subject matter jurisdiction. Count I is addressed last.

### Count II:  RESPA Violation

The issue before this Court is whether Count II should be dismissed due to no Qualified Written Request. Defendant argues in its Motion to Dismiss that Plaintiffs failed to identify a proper Qualified Written Request ("QWR") that would trigger the provisions of 12 U.S.C. § 2605. Plaintiffs contend that they submitted a Qualified Written Request in the form of a Notice addressed to Ocwen that was dated May 11, 2012. The typed portion of the Notice stated in relevant part:

> RE:  Loan #7092263255
>
> To Whom It May Concern:

> Per my conversation this morning with your representative, attached is the requested tax bill from Peoria County for delinquent taxes from the property 2408 N Peoria Avenue, Peoria IL owned by Stephen & Cheryl Ham.
>
> I contacted the tax department regarding delinquent taxes and explained that Litton Loan Servicing sent me letters regarding taxes paid and stated we are just finishing up payment of $828.11 which were payments of $553.35 extra each month for the last year to pay off the escrow account of taxes paid by Litton Loan Servicing. Your representative stated that Ocwen would pay the delinquent taxes right away and sort out the problem with escrow and taxes we assumed were paid.
>
> Thank you so very much for your assistance in this matter.
>
> Sincerely,
>
> Stephen & Cheryl Ham

Defendant's Memorandum in Support of its Motion to Dismiss (ECF No. 8), Exhibit C, Notice.

A handwritten note at the bottom of the Notice stated:

> PMT MUST BE CERTIFIED
>      FUNDS
> 5/12 Called Ocwen
>      Taxes will be pd

Notice (emphasis in the original).

Plaintiffs object to the Court considering the Notice because it is outside the pleadings. Normally, a defendant may not rely on documents outside the pleadings without converting a motion to dismiss into a motion for summary judgment. FED. R. CIV. P. 12(d). The Court, however, may consider documents that are alleged in the complaint and are central to the claim without converting the motion into a motion for summary judgment. *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). Plaintiffs alleged in the Complaint that they sent the Notice. The Notice is central to Plaintiffs' claim. Therefore, the Court will consider the Notice.

Plaintiffs allege that Ocwen did not redeem the 2008 real estate taxes. As a result, Plaintiffs lost ownership of the Subject Property. A tax deed was issued for the Subject Property, which deed was recorded on December 14, 2012, with the Peoria County recorder of deeds as document number 2012-033255. (ECF No. 1 at ¶ 13). Based on these allegations, Plaintiffs alleged in Count II that Ocwen violated RESPA by failing to respond to the Notice as required by RESPA.

RESPA requires a loan servicing company (or loan servicer) to respond to a borrower's request for information about the servicing of his or her loan:

> (A) In general
>
> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A). In addition, within 30 business days of receipt of a qualified written request (QWR), a loan servicer must either correct errors in the account and transmit notification of the correction to the borrower, or investigate the inquiry and provide a written explanation to the borrower. 12 U.S.C. § 2605(e)(2)(B) & (e)(2)(C).

Section 2605 defines QWR:

> (B) Qualified written request
>
> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--
>
> > (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

7

> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

The borrower is not required to use any special language in a QWR:

> RESPA does not require any magic language before a servicer must construe a written communication from a borrower as a qualified written request and respond accordingly. The language of the provision is broad and clear. To be a qualified written request, a written communication must reasonably identify the borrower and account and must "include a statement of the reasons for the belief of the borrower, *to the extent applicable*, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B) (emphasis added). Any reasonably stated written request for account information can be a qualified written request.

*Catalan v. GMAC Mortgage Corp.*, 629 F.3d 676, 687 (7th Cir. 2011).

A borrower can bring an action against a loan servicer for actual damages from any failure to comply with these provisions of RESPA. 12 U.S.C. § 2605(f)(1)(A). In the present case, however, Plaintiffs' Notice did not request account information about the servicing of their loan. Instead, the Notice was intended to memorialize Ocwen's oral promise to redeem Plaintiffs' delinquent 2008 real estate taxes. Looking at Plaintiffs' pleadings, the Notice does not support a factual finding plausible enough for this Court to conclude that the Notice is a QWR.

RESPA obligates the loan servicer to respond when it receives a QWR for "information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A); *see Todd v. ShoreBank*, 2013 WL 3790966, at *3-4 (N.D. Ill. July 19, 2013). In the present case, the Notice did not request account information; the Notice only memorialized Plaintiffs' expectations of how the delinquent 2008 real estate taxes would be paid by Ocwen, and raised no further disputes or issues. An expression of an expectation is not a request for information. *Catalan v. GMAC Mortgage Corp.*, 629 F.3d 676, 688 (7th Cir. 2011). A notice that only expresses expectations,

and does not raise any issues or disputes with the account, cannot be a QWR under RESPA. *Id.* As a result of the Notice not being a QWR, Ocwen had no obligation to respond to the Notice under RESPA, 12 U.S.C. § 2605(3). Therefore, Count II fails to state a claim for a violation of RESPA.

**Count I: Promissory Estoppel**

Plaintiffs allege in Count I that Ocwen breached its obligation to redeem the 2008 real estate taxes under a theory of promissory estoppel. Count II was the claim that brought the lawsuit within federal subject matter jurisdiction as a question of federal law. Because the Court finds that Count II fails to state a claim, this Court declines to exercise supplemental jurisdiction over the promissory estoppel claim in Count I. 28 U.S.C. 1367(c)(3). If Plaintiffs wish to pursue this claim, they must do so in state court.

**CONCLUSION**

The Report and Recommendation [13] is ADOPTED. Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [7] is GRANTED. Count I is dismissed without prejudice for lack of subject matter jurisdiction. Count II of the Complaint is dismissed with prejudice for failure to state a claim.

ENTERED this 22nd day of July, 2014.

      /s/ Michael M. Mihm
      Michael M. Mihm
      United States District Judge